No. 12,917.

STATE OF LOUISIANA EX REL. TOILET SUPPLY CO., LTD., vs. HON. F. A. MONROE, JUDGE, AND ROBERT J. DOUGLAS.

The writ of sequestration which issued in the case covered property the value of which the judge of the District Court, after hearing evidence, fixed at less than two thousand dollars.

All parties interested acquiesced in the value as fixed. An appeal will not lie to this court for want of jurisdiction from an order permitting the defendant to bond property when its value is less than two thousand dollars.

A writ of *certiorari* issued in aid of the application for a writ of *mandamus* does not present other issues than those raised in the application for the *mandamus*.

ON APPLICATION for Writs of *Mandamus* and *Certiorari*.

*Robert J. Maloney* for Relator.

Respondent Judge *per se.*

*J. D. Kiernan* for Respondent, Douglas.

Submitted November 7, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

BREAUX, J.   The relator brought suit claiming that the secretary and treasurer of the company had in his possession, in virtue of his office, all its property.

That its "secretary and treasurer" circulated reports that the company was insolvent, and had gone out of business.

The relator also averred, that the "secretary and treasurer" was conducting relator's business in the name of the "Towel Delivery Company," a fictitious firm, of which its "secretary and treasurer" was the only member, and using the property of the coucern for his individual account, and thereby causing it great and irreparable injury.

Relator, having made the usual averments for a writ of sequestration, obtained it, and had the property sequestered.

Relator prayed, also, for a writ of injunction enjoining and prohibiting its "secretary and treasurer" from injuring relator in its business, and from collecting the revenues of the company; and upon the prayer, the writ of injunction was issued.

The relator alleges that thereupon the civil sheriff took into his possession all its property—*i. e.*, the property of the Toilet Supply Company, Limited, found in the possession of its secretary and treasurer.

On the 29th of June, the defendant secretary and treasurer moved to bond the writ of sequestratiou.   The court granted the motion in July, 1898; relator alleging that the property was worth more than two thousand dollars, moved for a suspensive appeal.

The court refused to grant him the appeal for which he applied. The relator alleged various grounds upon which he relies to sustain his appeal, and applied for writ of *mandamus* and *certiorari* to compel the judge of the District Court to grant him a suspensive appeal.

The respondent judge avers, in answer to the rule *nisi* issued by this court, that the property sequestered consisted of toilet stands, towels and similar articles of property, in the hands of some hun-

74

dreds of subscribers, who were to pay a small sum monthly for the use and for replenishing the supply; that at the time of the institution of the suit by the relator, the Toilet Supply Company, the business appeared to have been farmed out to the defendant "secretary and treasurer," who, with the president of the company, and, it may be, a third person nominally, were the only persons interested.

That relator, who was plaintiff in the suit, by means of the writ of injunction and sequestration, issued *ex parte*, sought to deprive the defendant Douglas, "secretary," of his means of earning a livelihood, and to destroy the business itself.

It appears that the application of the defendant to bond was made within the legal delay, after the sheriff had made the seizures ordered and the court had heard evidence enabling it to fix amount of the bond. It was bonded.

Further, the court *a qua* says, that the question is one relating exclusively to a value in money, and that plaintiff, the president, Begg, can not sustain an injury not to be compensated in money.

Robert J. Douglas, secretary, made one of the respondents, set forth, that the value of the property sequestered is less than two thousand dollars, and that this court is without jurisdiction.

The gravamen of relator's complaint is, that the court *a qua* refused to grant it an order of appeal, authorizing him to take a suspensive appeal from the judgment of the court, which order permitted Robt. J. Douglas, defendant in the sequestration proceedings, to bond the property sequestered in the suit.

After hearing evidence, the District Court fixed the value of all the property at fifteen hundred dollars.

The plaintiff in the suit, who is the relator here, did not enter any objection whatever of record to the value fixed.

On the contrary, some delay having arisen after the defendant's motion to bond had been filed, in order that the court might fix the value of the property, plaintiff assumed that defendant had lost his right to bond, because of that delay, and he, thereupon, moved the court to permit him to bond.

In his application to bond, he alleged the amount at which the court had fixed the value of the property, and asked to be permitted to furnish a bond therefor without making any allegation regarding its insufficiency in amount.

We take it that all parties concerned considered a bond of fifteen

hundred dollars to be enough to protect all of plaintiff's and relator's demands.

This court is without jurisdiction of questions relating to the writ of sequestration. It is manifest, that no suspensive appeal will lie to this court from an order permitting a defendant in sequestration proceeding to bond when the whole property involved in the suit is of value less than two thousand dollars.

With reference to the writ of injunction which was issued in the case. The defendant had made no application to bond it, or to set the writ aside upon bond. No question arises in matter relating to the injunction.

So far as disclosed by the record, it remains in full force and effect before the District Court.

The relator, in the prayer, sets forth that a certified copy of all the proceedings in the case should be sent to the court, to the end that their validity may be ascertained.

We take it, that the prayer and allegation were made in aid of the application for a writ of *mandamus*, to compel the District Judge to grant a suspensive appeal. No other remedy is prayed for.

It is therefore ordered, adjudged and decreed that the application in this case for writs of *mandamus* and *certiorari* be dismissed for want of jurisdiction; that the rule *nisi* which issued in the case be discharged and set aside, at relator's costs.